Nathan R. Zeltzer, Esq., NV SBN 5173
LAW OFFICE OF NATHAN R. ZELTZER
232 Court St.
Reno, Nevada 89501
(775) 786-9993
nrzbk@yahoo.com

ECF filed: 3/12/20

Attorney for Interested Party
Reno Patio & Fireplaces, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

IN RE:

AFFORDABLE PATIOS & SUNROOM
dba RENO PATIO AND FIREPLACES,
INC,

Debtor(s).

Case No.: BK-20-50017btb
Chapter 7

Adv. No. 20-05004

**RESPONSE TO MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS**

HEARING DATE: March 13, 2020
HEARING TIME: 10:00 a.m.

COMES NOW, Interested Party, RENO PATIO & FIREPLACES, LLC, (hereafter Interested Party) by and through its attorney, Nathan R. Zeltzer, Esq., and responds to Chapter 7 Trustee, Christopher P. Burke's Motion to Sell Real Property Free and Clear of Liens. This Response is brought pursuant to the Points and Authorities included herein, additional documents in the Court file, and on further oral argument of counsel as may be presented at the time of the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. BACKGROUND ON MOTION

This Movant filed its Motion to Sell Real Property Free and Clear of Liens on March 5, 2020. The Court allowed the Movant to hold this hearing on shortened time at the March 3, 2020 hearing on Movant's Ex Parte Motion for Extension of Temporary Restraining Order.[1] The respondent agreed with the Chapter 7 Trustee's request to sell its building located at 910

---

[1] At that hearing the Court never ruled on extending, or denying the Movant's request for extension of the Temporary Restraining Order.

Glendale, Sparks, NV 8943 on the terms specified in his Motion. There was no additional agreement to extend the Temporary Restraining Order for a time certain.

Presently the power at the Glendale property has been shut off, and the managing member of the Interested Party is no longer receiving any funds from the business. Without these proceeds the managing member cannot continue to service the expenses associated with the remaining business assets of Interested Party. This has caused problems for the tenants that had leases at the Glendale property, as will as issues with the collection of car notes that are an asset of the interested party. A letter was sent to the Chapter 7 Trustee regarding these issues, but at the time of filing this response he has not responded to these issues. These issues must be dealt with as soon as possible.

## II. LAW AND ARGUMENT

### A. THE INTERESTED PARTY DOES NOT AGREE TO SUBSTANTIVE CONSOLIDATION WITH AFFORDABLE SUNROOMS & PATIOS, INC. CASE

As expressed in the Opposition to Movant's Ex Parte Motion for Extension of Temporary Restraining Order the interested party does not believe the Trustee can seek substantive consolidation of the two entities without notice being given to the creditors of the interested party. See Leslie v. Mihranian (In re Mihranian), 937 F.3d 1214 (9th Cir. Sept. 2019). The interested party asks the Court to take Judicial Notice of the prior filed Opposition to Motion for Ex Parte Restraining Order (Doc 21) of this case. As Reno Patio and Fireplaces, LLC is a separate entity its creditors must have a say in the future liquidation of that entity. Here, the Trustee is attempting to run roughshod over these creditors' without giving them the opportunity to be heard on this significant action that is taking place.

If the Temporary Restraining Order is extended it means that this business will be left in the hands of the Trustee who may not recover outstanding accounts receivables that will lead to the interested parties creditors not being paid in full. This would be an injustice to these creditors who have not had an opportunity to be heard on the fate of Reno Patios and Fireplaces, LLC. The interested party asks that the Court dissolve the Temporary Restraining Order or set an emergency hearing to determine the continuation of the Temporary Restraining Order.

2

### B. TO PROPERLY LIQUIDATE THE ASSETS OF RENO PATIO AND FIREPLACES, LLC THE PARTY HANDLING COLLECTION OF THESE ASSETS MUST HAVE USED CAR LOAN AND COLLECTION EXPERIENCE

The interested party has significant assets that need to be liquidated. This includes a portfolio of finance agreements of parties that purchased vehicles from Mill Street Auto, a dba of Reno Patio and Fireplaces, LLC. These contracts were buy here pay arrangements and there is approximately $300,000.00 in notes receivable outstanding on these notes. See Declaration of managing member John Woodley in Support of this Response filed concurrently with this Response. These assets need to be liquidated in a specific manner to recoup the highest amount of return possible on these assets. The Trustee has not indicated how he plans to liquidate this valuable asset that he is in temporary control of.

The interested party requests that it has the ability to determine who is selected to liquidate the above-mentioned assets so as to recover money that is owed to its creditors. Without this input the creditors of the interested party will suffer irreparable harm and additional damages that can be avoided.

WHEREFORE, Interested Party requests that the Motion to Sell Real Estate be approved, and the funds be held pending further order of this Court. That the Temporary Restraining Order be dissolved. That if the Court is inclined to continue the Temporary Restraining Order that a further hearing be set as to the duration of the Temporary Restraining Order on the Trustee's Adversary Complaint. And for such further relief that the Court deems just and equitable.

Submitted this  12th  day of March, 2020

/s/Nathan R. Zeltzer
Nathan R. Zeltzer, Esq.
Attorney for the Interested Party

3

| | |
|---|---|
| LAW OFFICE OF NATHAN R. ZELTZER,<br>Nathan R. Zeltzer, Esq., NV SBN 5173<br>232 Court Street<br>Reno, Nevada 89501<br>nrzbk@yahoo.com<br>(775) 786-9993<br><br>Attorney for Reno Patio &<br>Fireplaces, LLC | ECF-filed on: 03/12/2020 |

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE:<br><br>AFFORDABLE PATIOS & SUNROOM<br>dba RENO PATIO AND FIREPLACES,<br>INC,<br><br>Debtor. | Case No.: BK-20-50017-BTB<br>Chapter 7<br><br>ADV. NO. 20-05004- BTB<br><br>**CERTIFICATE OF SERVICE** |

1. On March, 12, 2020, I served the following document: RESPONSE TO MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS

2. I served the above-named documents by the following means to the persons as listed below:
   __X__ a. ECF System:

   Michael Lehners
   michaellehners@yahoo.com

   ___ b. United States Mail, postage fully prepaid:
   ___ c. Personal Service: I personally delivered the document(s) to the persons at these addresses:
   __X__ d. By direct e-mail (as opposed to through the ECF System)

   John Woodley: woodleygroup@me.com

   __X__ e. By fax transmission

   Michael Lehners  (775) 786-0799

   ___ f. By messenger

I declare under penalty of perjury that the foregoing is true and correct.

Signed on: March 12, 2020                                    /s/ Malia Camozzi
                                                              Malia Camozzi, Declarant